UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD CARMICHAEL, Petitioner, v. STATE OF WASHINGTON, Respondent. | CASE NO. C05-2076-RSM-MAT<br><br>ORDER TO SHOW CAUSE WHY PETITIONER'S § 2241 PETITION SHOULD NOT BE DISMISSED |

In 1983, petitioner was serving time in a Washington state prison when he escaped. *See State v. Carmichael*, 53 Wash. App. 894 (1989). Petitioner was later apprehended in Nevada, tried and convicted on two counts of murder, and was sentenced to two consecutive life sentences, to commence after he finished serving his Washington sentence. *Id.* Nevada authorities returned petitioner to Washington in 1987, where he was convicted of escape and kidnapping and sentenced to a term of 222 months to life. (Doc. #1 at 2). He is currently imprisoned in Nevada, where, presumably, he is serving the first of his consecutive life sentences.

Petitioner has filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. #1). He has also filed a motion for appointment of counsel. (Doc. #2). Petitioner's claim,

although unclear, appears to be that while he was imprisoned in Nevada between 1983-87, the authorities in Washington improperly used the Western Interstate Corrections Compact ("WICC") to prevent him from attending an evidentiary hearing pertaining to his escape charges in Snohomish County, Washington, on April 16, 1985. (Doc. #1 at 7). Petitioner names as sole respondent the State of Washington.

Having reviewed petitioner's § 2241 petition, and the balance of the record, the court does hereby find and ORDER as follows:

(1) It appears that petitioner is seeking to challenge by way of the instant petition the events leading to his conviction for escape and kidnapping, which he obtained in Washington in 1987. However, it appears that petitioner has finished serving the full sentence for that conviction, because the sentence imposed for that conviction was for a minimum of 222 months, and he is currently imprisoned not in Washington but in Nevada. In addition, petitioner's petition seeks only declaratory relief; he does not seek relief from custody. (Doc. #1 at 11). Indeed, he names as sole respondent the state of Washington instead of the warden of a particular Washington penal institution, further demonstrating that he is no longer in custody pursuant to a judgment by a Washington state court.

Accordingly, petitioner does not appear to satisfy the requirement that he be "in custody" pursuant to the judgment he is attacking through the instant § 2241 petition. *See* 28 U.S.C. § 2241(c)). Petitioner shall therefore SHOW CAUSE within 30 days from the date of this Order why his petition should not be dismissed as moot.

In addition to addressing the mootness issue, petitioner shall also address whether he has exhausted state remedies regarding his claim that Washington authorities improperly used the

WICC to prevent him from attending an evidentiary hearing. It is apparent that petitioner did not raise the issue in his direct appeal, and in response to a question on his petition, petitioner concedes that he has not raised the issue in a postconviction petition of any kind.[1] (Doc. #1 at 3). Federal courts "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS,* 239 F.3d 1037, 1047 (9th Cir. 2001). Accordingly, in his response to this Order to Show Cause, petitioner must also demonstrate that he has exhausted this issue in state court.

(2) The court will address petitioner's pending motion for appointment of counsel after the mootness and exhaustion issues outlined above have been resolved. The Clerk shall NOTE the motion for appointment of counsel (Doc. #2) for consideration on February 3, 2006. The Clerk shall send a copy of this Order to petitioner and to the Honorable Ricardo S. Martinez.

DATED this 3rd day of January, 2006.

Mary Alice Theiler
United States Magistrate Judge

---

[1] This concession by petition appears at odds with a statement in the memorandum he attaches to the petition, in which he states that he raised the issue in a personal restraint petition ("PRP") filed in the state court. (Doc. #1, Attachment at 4). Petitioner alleges that the state court did not acknowledge the claim and dismissed the petition on procedural grounds. (*Id*. at 5). In order to satisfy the exhaustion requirement, petitioner must show that he raised the issue in his PRP and that after it was denied, he sought review of the issue by the Washington Supreme Court. *See O'Sullivan v. Boerkel*, 526 U.S. 838, 841-47 (1999)