UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RICHARD L. CARMICHAEL, | ) | CASE NO. C05-2076-RSM-MAT |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | RE: MOTION FOR STAY |
| E. K. MCDANIEL, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## INTRODUCTION

Petitioner is currently serving a Washington state sentence in a Nevada prison, pursuant to the Interstate Corrections Compact. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, which the court has construed as a petition under § 2254. Petitioner filed a motion for a stay, or, in the alternative, for dismissal of the petition without prejudice. For the reasons set forth below, the court recommends denying the motion for a stay and granting the alternative request to dismiss the petition without prejudice.

## BACKGROUND

Petitioner is currently serving a 222-month sentence for kidnapping and escape convictions

REPORT AND RECOMMENDATION
RE: MOTION FOR STAY
PAGE -1

01 which he obtained in Snohomish County in 1987. *See State v. Carmichael*, 53 Wash. App. 894

02 (1989). Petitioner was transferred to Nevada in 2000, pursuant to the Interstate Corrections

03 Compact ("ICC"), where is now serving the remainder of his Washington state sentence.[1]

04 Petitioner originally filed the instant petition under 28 U.S.C. § 2241, challenging the use

05 of the ICC to incarcerate him in Nevada for his Washington state conviction. (Doc. #1 at 2).

06 Because petitioner was in custody pursuant to a state court judgment, the court construed the

07 petition as a § 2254 petition, and granted petitioner leave to amend the petition to name a proper

08 respondent. (Doc. #5). Petitioner amended the petition on March 1, 2006, although, in so doing,

09 he noted his objection to the treatment of his petition as one filed under § 2254, instead of § 2241.

10 (Doc. #7).

11 Shortly after he filed the instant petition, petitioner also filed another § 2241 petition,

12 raising a similar challenge (hereinafter "second petition"). *See Carmichael v. Washington*, Case

13 No. C06-160-JLR-MAT. The court construed the second petition also as a § 2254 petition and

14 dismissed the petition, noting that to permit petitioner to simultaneously pursue two petitions

15 "would be inefficient and would violate the limit of one habeas petition per conviction imposed

16 by Congress." (Doc. #5 in Case No. C06-160). The court advised petitioner that if he wished to

17 pursue the claim raised in the second petition, he could simply amend the instant petition to add

18 the claim. (*Id.*)

19 Instead of amending the instant petition, as the court suggested, petitioner filed a motion

20 to stay these proceedings or, in the alternative, to dismiss the petition without prejudice. (Doc.

21 ─────────────

22 [1] Petitioner has also been tried and convicted in Nevada on two counts of murder, and faces consecutive life sentences when he finishes his Washington sentence. *Id.* at 894.

REPORT AND RECOMMENDATION
RE: MOTION FOR STAY
PAGE -2

#9). Because respondents have yet to enter an appearance, no response to petitioner's motion has been filed. The matter is now ready for review.

## DISCUSSION

### 1. Construction of Petition as § 2254 Petition

The court first addresses petitioner's concern that the court is improperly construing his petition as a challenge under § 2254. In the Order construing the petition, the court cited as authority *White v. Lambert*, 370 F.3d 1002 (9th Cir. 2004). The following quote from that opinion may shed more light on why the court continues to believe that the instant petition is properly considered under § 2254:

> [Petitioner] Joel White challenges the State of Washington's authority to continue to confine him after his transfer in November 1999 from a Washington state prison to a privately-run prison in Colorado. *Unlike most habeas petitioners, White is not challenging the validity of his state court conviction, but rather the administrative decision to transfer him from one prison to another.* White alleges that the transfer, initiated by the Washington Department of Corrections, was in violation of both the United States and Washington constitutions. After exhausting his state court remedies, White filed a petition for a writ of habeas corpus in the federal district court for the Eastern District of Washington, invoking jurisdiction pursuant to 28 U.S.C. § 2241.
>
> The district court, after rejecting the State of Washington's argument that jurisdiction was proper only under 28 U.S.C. § 2254, allowed White to proceed under 28 U.S.C. § 2241, but denied his petition on the merits. The district court also denied White's motion for a certificate of appealability ("COA") as moot, reasoning that a COA was not necessary when a petitioner seeks habeas relief under 28 U.S.C. § 2241.
>
> White's appeal raises several issues that we have not previously addressed concerning the proper jurisdictional statute and procedural requirements for a state prisoner attacking the legality of his detention resulting from an administrative decision by state prison authorities. The circuits that have addressed these issues are divided on whether jurisdiction is proper under 28 U.S.C. § 2241 or under § 2254, and on whether a COA is required. *We hold that the district court erred in concluding that White could seek habeas relief under 28 U.S.C. § 2241*, which is properly understood as a general grant of habeas authority that provides federal court

>jurisdiction to a state prisoner when that prisoner is not in custody pursuant to a "state court judgment." *Because White was "in custody pursuant to a state court judgment" at the time he filed his federal habeas petition, 28 U.S.C. § 2254 is the proper jurisdictional basis for his habeas petition.*

370 F.3d at 1004 (emphasis added).

The facts here are similar to the facts in *White v. Lambert*. Like the petitioner in *White*, petitioner here contends that he is not challenging his 1987 conviction but rather the fact that he is imprisoned out-of-state. In addition, like the petitioner in *White*, petitioner here is in custody pursuant to a state court judgment. Accordingly, like the petition in *White*, the petition here should be considered a § 2254 petition.

### 2. Petitioner's Motion for Stay or to Dismiss Petition without Prejudice

Because the petition is properly construed as a § 2254 petition, petitioner must exhaust state remedies before presenting his claims in federal court. *See* 28 U.S.C. § 2254(b). In recognition of this exhaustion requirement, petitioner has filed the instant motion to stay these proceedings, or, in the alternative, to dismiss the petition without prejudice. Petitioner concedes that the claim presented in the second petition may not be completely exhausted, and seeks to return to state court to fully exhaust the claim. (Doc. #9 at 3). If he does not obtain relief in state court, petitioner wishes to preserve the option of returning here to present his newly-exhausted claims.

The law governing whether it is appropriate to grant a stay in habeas proceedings is evolving. The option of staying a petition in order to permit a petitioner to return to state court to exhaust an unexhausted claim was originally approved by the Ninth Circuit in *Calderon v. United States Dist. Ct.* (*Taylor*), 134 F.3d 981, 988 (9th Cir. 1998). *See James v. Plier*, 269 F.3d

REPORT AND RECOMMENDATION
RE: MOTION FOR STAY
PAGE -4

1124 (9th Cir. 2001).  While the Ninth Circuit approved the "stay-and-abeyance" procedure in *Taylor*, the court did not articulate a standard that should apply, other than to state that it was a matter within the discretion of the district court.  134 F.3d at 988 n.11.  The *Taylor* procedure was later reviewed by the Ninth Circuit in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003).  In *Kelly*, the court commented that a stay is "particularly appropriate when an outright dismissal will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period imposed by [the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA]."

Most recently, the Supreme Court considered "whether a federal district court has discretion to stay [a] mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition."  *Rhines v. Weber*, __ U.S.__, 125 S. Ct. 1528, 1531 (2005).  The Court held that a district court does in fact have such discretion, under the "limited circumstances" in which there was "good cause for the petitioner's failure to exhaust his claims first in state court."  *Id.* at 1535.

Applying these principles to the motion at bar,[2] the court finds that a stay is not warranted.  First, it does not appear that petitioner's petition falls into the category described in *Kelly*, in which an outright dismissal would render it unlikely or impossible for petitioner to return to federal court within the one-year limitation period imposed by AEDPA.  Although the timeliness

---

[2] Technically, the standard announced by the Supreme Court in *Rhines* does not apply to the "stay-and-abeyance" procedure outlined in *Taylor*, and either standard could apply here.  However, the Ninth Circuit noted recently that the *Taylor* procedure was likely to be replaced by the newer, less cumbersome procedure governed by the new standard.  *See Jackson v. Roe*, 425 F.3d 654, 661 n.10 (9th Cir. 2005).  Petitioner has not proposed *any* standard for the court to apply, and consequently, the court will apply the new standard announced in *Rhines* to petitioner's request for a stay.

REPORT AND RECOMMENDATION
RE: MOTION FOR STAY
PAGE -5

01  of the petition does appear to be an issue, as the conviction pursuant to which petitioner is in

02  custody dates back to 1987, further delay at this point does not appear to matter.  Second, it does

03  not appear that petitioner has shown "good cause" under *Rhines* to excuse his failure to raise the

04  unexhausted claim in state court.  Indeed, petitioner was aware of the claim *before* he filed the

05  instant federal petition, as he concedes that he has already attempted to raise it in some fashion in

06  state court. (Doc. #5 at 3).  Consequently, the record does not show that "good cause" exists

07  under *Rhines* and therefore a stay is not warranted.  Petitioner's motion for a stay should

08  accordingly be denied.

09  In the alternative, petitioner requests that the court dismiss the petition without prejudice,

10  with an "express order" that once petitioner has exhausted his unexhausted claim in state court,

11  he will be able to return to federal court to present all of his claims. (Doc. #9 at 3).  The court

12  should not issue such an express order because it could be misconstrued as a "guarantee" of

13  federal review and, as mentioned, there is a timeliness issue underlying the petition which may

14  preclude such review.  However, dismissal without prejudice would permit petitioner to at least

15  avoid having a subsequent petition considered to be successive.  Therefore, the court recommends

16  that petitioner's request for dismissal without prejudice be granted.

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

REPORT AND RECOMMENDATION
RE: MOTION FOR STAY
PAGE -6

## CONCLUSION

For the foregoing reasons, the court recommends that petitioner's motion for a stay be denied and that his request to dismiss his habeas petition without prejudice be granted. A proposed Order reflecting this recommendation is attached.

DATED this 17th day of March, 2006.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
RE: MOTION FOR STAY
PAGE -7